# IN THE UNITED STATED DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ALUNTRA R. TILLIS, individually and as Natural Parent of K.T. and K.T., Minors and KEVIN BROWN, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 2:24-cv-02392-JPM-atc |
| v. | ) ) ) |
| CAMERAN L. PARSON and EAN HOLDINGS, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND AND GRANTING DEFENDANT EAN HOLDINGS, LLC'S MOTION TO DISMISS

Before the Court is Plaintiffs Aluntra R. Tillis, individually and as Natural Parent of K.T. and K.T., Minors, and Kevin Brown's (collectively, "Plaintiffs") Motion to Amend Complaint for Personal Injuries ("Motion to Amend"). (ECF No. 39.) Also before the Court is Defendant EAN Holdings, LLC's ("EAN" or "Enterprise") Opposition to Plaintiffs' Motion for Leave to Amend Complaint and Renewed Motion to Dismiss. (ECF No. 42).[1] Defendant Cameran L. Parson ("Parson"; collectively with EAN, "Defendants") has no position on Plaintiffs' Motion to Amend. (ECF No. 41.)

---

[1] In a previous Order, the Court deferred ruling on EAN's initial Motion to Dismiss for Failure to State a Claim, (ECF No. 8), pending Plaintiffs' amendments to their Complaint. (ECF No. 37.) This Order disposes of both Motions to Dismiss.

I.     BACKGROUND

Plaintiff filed a Complaint against Defendants on May 10, 2024, alleging claims arising from a car collision caused by Parson while driving a vehicle rented from EAN.  (ECF No. 1-1.) EAN initially moved to dismiss Plaintiffs' Complaint for failure to state a claim, or in the alternative, for a more definite statement, on June 10, 2024.  (ECF No. 8.)  After the Parties filed their respective responsive briefings, (ECF Nos. 19, 23), Plaintiffs filed an Amended Complaint for Damages on August 30, 2024, without proper motion or leave of the Court.  (ECF No. 30.) EAN filed a corrected Motion to Strike the Amended Complaint on September 27, 2024.  (ECF No. 28.)

At the Telephonic Scheduling Conference on December 3, 2024, the Court found that Plaintiffs had failed to plead a colorable negligent entrustment claim against Enterprise.  (ECF No. 37 at PageID 131.)  Accordingly, the Court granted Defendants' Motion to Strike.  (Id.)[2]  The Court allowed Plaintiffs to file a Motion for Leave to File a Second Amended Complaint with a proposed Second Amended Complaint that addressed the insufficient pleadings.  (Id.)  The Court also allowed EAN to file an abbreviated Motion to Dismiss, relying on the previously submitted Motion, if Plaintiffs pursued claims against EAN.  (Id.)

Plaintiffs filed a Motion to Amend on December 12, 2024, with the proposed Second Amended Complaint ("proposed SAC") attached.  (ECF No. 39.)[3]  EAN filed its Opposition and Renewed Motion to Dismiss on December 31, 2024.  (ECF No. 42.)  The Court heard arguments on the Motions during a status conference on January 8, 2025.  (ECF No. 44)

---

[2] The Scheduling Order effectively granted Parson's Motion for Joinder, (ECF No. 30).  (See ECF No. 37 at PageID 131.)
[3] In their Motion to Amend, Plaintiffs state "this is [P]laintiffs' first attempt to amend their complaint."  (Id. at PageID 138.)  However, this is their second attempt, (see ECF No. 30), and will be treated as such here.

II.        **ANALYSIS**

      **A. Plaintiff's Motion to Amend**

In their Motion to Amend, Plaintiffs assert that their proposed SAC pleads sufficient additional facts to support their negligent entrustment claim against EAN. (ECF No. 39 at PageID 137.) Plaintiffs' proposed SAC adds some facts regarding the criminal consequences facing Parson as a result of the collision. (Id. ¶¶ 17, 26–27.) These facts, however, do not support a negligent entrustment claim against EAN for renting the vehicle to Parson before the collision. The proposed SAC also adds a general accusation regarding young drivers' experience and risk tendencies. (Id. ¶ 26.) This similarly does not support Plaintiffs' claim against EAN for negligent entrustment. Accordingly, the proposed SAC fails to address the insufficiencies in Plaintiffs' negligent entrustment claim as discussed by the Court during the December 3 conference. (See ECF No. 37.)

Additionally, Plaintiffs' Motion to Amend purports to add a colorable vicarious liability claim against EAN. (ECF No. 39 at PageID 137.) This too fails upon examination of the proposed SAC. While the Motion to Amend references EAN's internal policies and an alleged violation thereof in EAN's dealings with Parson, (ECF No. 39 at PageID 137–38), no such factual allegations are in the proposed SAC itself, (see id. at PageID 145–147). Plaintiffs' vicarious liability claim alleges "Plaintiffs sustained injuries as a result of the actions due to the wrongful conduct of an employee" without specifying what that wrongful conduct was. (Id. ¶ 32.) During the January 8 conference, Plaintiffs' Counsel conceded that there was no evidence that EAN did not comply with its own policy regarding renting to young drivers like Parson who have a valid drivers' license. Furthermore, federal and Tennessee state law bars vicarious liability claims against rental car companies for the actions of their renters. 49 U.S.C. § 30106

(2005); Martin v. Powers, 505 S.W.3d 512, 523 (Tenn. 2016).  Thus, the proposed SAC also fails to state a claim for vicarious liability against EAN.

Granting Plaintiff's Motion to Amend would be futile in addressing the insurmountable insufficiencies in Plaintiffs' claims against EAN.  Accordingly, Plaintiff's Motion is **DENIED**.

### B. EAN's Motion to Dismiss

Under the Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief under the law that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and construe it in the most favorable light to the plaintiff.  See id. at 555–56; Herrada v. City of Detroit, 275 F.3d 553, 556 (6th Cir. 2001).  However, the Court should not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  If the Court's context-specific review of the plaintiff's factual allegations does not permit the Court to "infer more than the mere possibility of misconduct," the plaintiff has failed to show that it is entitled to relief.  Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

As discussed above, Plaintiffs have failed to allege enough facts to state colorable claims for negligent entrustment and vicarious liability against EAN.  (See supra Part II.A.)  Plaintiffs' pleadings amount to "legal conclusions" and "[t]hreadbare" allegations that do not permit the Court to "infer more than the mere possibility of misconduct."  See Iqbal, 556 U.S. at 662, 679.  Accordingly, Plaintiffs have failed to show they are entitled to relief.  See id. at 679.  The Court thus **GRANTS** EAN's Motion to Dismiss.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Amend is **DENIED**. As the Plaintiffs fail to state a claim against EAN for which Plaintiffs can receive relief, EAN's Motion to Dismiss is **GRANTED**. Plaintiffs' claim against EAN is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of January, 2025.

 */s/ Jon P. McCalla*
JON P. McCALLA
U.S. DISTRICT JUDGE