IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALUNTRA R. TILLIS, individually and as Natural Parent of K.T. and K.T., Minors and KEVIN BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>CAMERAN L. PARSON,<br><br>    Defendant. | Case No. 2:24-cv-02392-JPM-atc |

## ORDER REMANDING CASE TO STATE COURT

On June 10, 2024, the instant case was removed from Shelby County Circuit Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.) On January 8, 2025, the Court dismissed the claims of Plaintiffs Aluntra R. Tillis, individually and as Natural Parent of K.T. and K.T., Minors, and Kevin Brown (collectively, "Plaintiffs") against EAN Holdings, LLC ("EAN") with prejudice. (ECF No. 45 at PageID 170.) Thus, the only remaining parties are Plaintiffs and Cameran L. Parson ("Defendant"; collectively, the "Parties").

On February 4, 2025, the Court ordered the Parties to show cause why the case should not be remanded for lack of subject matter jurisdiction. (ECF No. 46.) The Parties "agree[d] that diversity no longer exists." (ECF No. 47 at PageID 172; ECF No. 48 at PageID 174.)

"[A] case shall be remanded 'if at any time before the final judgement it appears the district court lacks subject matter jurisdiction.'" Calvert v. Xerox Corp., 50 F.3d 10 (6th Cir. 1995) (quoting 28 U.S.C. § 1447(c)). Plaintiffs are all domiciled in Tennessee. (ECF No. 1-1 ¶¶ 1–2.) Defendant is also domiciled in Tennessee. (Id. ¶ 3.) Plaintiffs' Complaint lacks

complete diversity. Therefore, this Court no longer has subject matter jurisdiction over the instant case on diversity grounds. See 28 U.S.C. § 1332(a).

It is therefore **ORDERED** that this case is **REMANDED** to the Shelby County Circuit Court.

**SO ORDERED**, this 20th day of February, 2025.

*/s/ Jon P. McCalla*
JON P. McCALLA
UNITED STATES DISTRICT JUDGE